IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

VINCENT CANNADY

                            Plaintiff,

      v.                                    1:05-cv-2855-WSD

AUTOMATIC DATA
PROCESSING, INC.,

                          Defendant.

## OPINION AND ORDER

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("Report and Recommendation" or "R&R") [30] regarding Defendant's Motion for Summary Judgment [6] and Plaintiff's Objection to the Report and Recommendation (the "Objections") [31], Plaintiff's Brief in Objection to Judges [sic] Final Recommendation and Report [32], Appendix of Materials Filed in Support of Plaintiff's Objection to the Final Report [33], Supplemental Material Facts Filed in Support of Plaintiff's Objection to the Final Report [34], Defendant's Response to Plaintiff's Objections to Magistrate Judge's Report and Recommendation [35], Plaintiff's Response to the Defendant's Response to the Plaintiff's Objection to the Magistrate Judge's R&R [36], and Plaintiff's

Supplemental Response to the Defendant's Response to Plaintiffs [sic] Objection to the R&R [37].[1]

## Standard of Review

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a careful *de novo* review of the portions of the Report and Recommendation to which Plaintiff has objected.  The Court has reviewed the remainder of the Report and Recommendation for plain error.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

## Background

This is an employment discrimination action in which Plaintiff alleges he was subjected to retaliation and harassment on the basis of his race and disability.  He alleges claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), as

---

[1] Docket entries 32, 33, 34, 35 and 36 are Plaintiff's five submissions in response to the Report and Recommendation.  They mainly contain broad conclusory statements and arguments generally about the merits of the case.  They contain few facts on the matters addressed in the Report and Recommendation. The Court has considered only those few instances where Plaintiff addressed the issues in the Report and Recommendation, even though most of these submissions are untimely and irrelevant to the objections filed by Plaintiff.  The Court has considered the matters in these docket entries in recognition of Plaintiff's *pro se* status.

amended, 42 U.S.C. § 2000e, et seq., the Americans with Disabilities Act ("ADA"),

42 U.S.C. § 12101, et. seq. and the Equal Pay Act ("EPA") 29 U.S.C. § 206(d).

Defendant Automatic Data Processing, Inc. moved for summary judgment on the

grounds that Plaintiff, through his counsel, entered into a binding settlement of his

claims (the "Settlement Agreement").  The Settlement Agreement included a release

of the claims Plaintiff asserts in this action.  Defendant also moves for summary

judgment on  Plaintiff's Title VII and ADA claims on the grounds they are untimely.


The Magistrate Judge recommended that summary judgment be entered

against Plaintiff because he entered into a binding agreement to settle the claims

asserted in the case.  The Magistrate Judge further recommended that Plaintiff's

Title VII and ADA claims are time-barred because they were not brought within

ninety (90) days of the operative notice to proceed letter he received from the Equal

Employment Opportunity Commission ("EEOC").  In reaching these

recommendations, the Magistrate Judge found that Plaintiff had failed properly to

controvert Defendant's statement of materials facts.  Specifically, the Magistrate

Judge found that Plaintiff did not timely controvert the facts cited by the Defendant

and that the "affidavits" Plaintiff filed in an effort to controvert Defendant's facts

were untimely, and otherwise were not competent to controvert the facts set forth

by the Defendant in support of its summary judgment motion.[2]        Plaintiff,

proceeding *pro se*, filed his objections to the Report and Recommendation.  While

not clear, it appears that Plaintiff objects to the Report and Recommendation on the

following grounds:  that he timely controverted the facts on which Defendant relies

in seeking summary judgment, that he did not authorize the settlement agreed to by

his counsel and counsel for the defendant,[3] and that he timely asserted all of the

_____

[2]  The Court notes, even though the Magistrate Judge concluded Plaintiff's
affidavits did not properly controvert the facts on the issues before the Court,
where a fact in the affidavits was supported in the record, the Magistrate Judge
considered it.  R&R at 3, n.1.

[3]  Plaintiff attached to his Objections a document entitled "Affidavit of
Vincent Cannady." [31].  The "affidavit" document was not signed.  Three weeks
later he submitted the "affidavit" again, signed but not executed under oath.  For
that reason alone the "affidavit" will not be considered by the Court.  Even if it had
properly been executed, the "affidavit" purports to contain information about the
Plaintiff's treatment while employed by Defendant and the impact of a medical
condition that he claims affected his ability to perform his employment duties.
Plaintiff also asserts in the "affidavit" he did not authorize a settlement of his
claims.  Similarly, Plaintiff's Appendix of Materials Filed in Support of Plaintiff's
Objection to the Final Report [33], Supplemental Material Facts Filed in Support of
Plaintiff's Objection to the Final Report [34], Plaintiff's Response to the
Defendant's Response to the Plaintiff's Objection to the Magistrate Judge's R&R
[36] and Plaintiff's Supplemental Response to the Defendant's Response to
Plaintiffs [sic] Objection to the R&R[37] all contain purported facts not previously
submitted for consideration on Defendant's Motion for Summary Judgment.  Even
considering Plaintiff's *pro se* status, these facts cannot be considered now.  <u>Sharp</u>

claims alleged in this litigation.  The Court considers each argument in turn.

*Discussion*

    1.  Controverting facts

    Plaintiff argues that he properly and timely controverted the facts on which

Defendant sought summary judgment, claimed by Defendant to be undisputed.

The Court has reviewed the record, specifically Plaintiff's filings in response to the

Defendant's Motion for Summary Judgment.  The Court concludes Plaintiff did not

controvert the material facts found by the Magistrate Judge, and upon which she

recommended that summary judgment be entered in favor of Defendant.  The

material facts, and Plaintiff's claim he controverted them, are discussed in the

sections below.

---

v. Gen. Motors Acceptance Corp., No. 1:04-CV-2692, 2005 WL 3455850, a*3
(N.D. Ga. Dec. 16, 2005) (submitting information to the district court not submitted
to the Magistrate Judge "would invite future litigants to adopt a 'wait and see'
approach with respect to the Magistrate Judge's decision and then, with the benefit
of the magistrate judge's opinion, offer a new set of arguments for the district judge
to consider.").  Like most of Plaintiff's pleadings in this case, the information
submitted is conclusory in nature, and there is insufficient foundation to determine
if it is admissible, authentic or reliable.  This information therefore is not timely nor
is it otherwise properly before the Court.  It will not be considered by the Court in
ruling on the Objections.

2.  Binding Settlement Agreement

It is well-settled under Georgia law an "attorney's consent to [a settlement] agreement is binding on his client."  Wong v. Bailey, 752 F.2d 619, 621 (11th Cir. 1985).  An "attorney who has an attorney-client relationship with a party has apparent authority to enter into an agreement on behalf of his client and the agreement is enforceable against the client by the other settling parties."  Pembroke State Bank v. Warnell, 266 Ga. 819, 821 (1996).  An attorney may bind his client to a settlement agreement even if the client did not authorize the attorney to enter into the settlement.  Wong, 752 F.2d at 621.

The undisputed fact that Plaintiff's and Defendant's counsels entered into an enforceable settlement agreement is compelling.  Plaintiff's counsel, Mr. Samuel P. Pierce, Jr. stated under oath: "On November 2, 2005, after receiving approval from [Plaintiff], Scott M Zahler [counsel for Plaintiff] informed [counsel for Defendant] that [Plaintiff] had accepted Defendant's offer to settle his claims for $60,000 (less applicable taxes), forming a binding agreement in this amount." (Decl of Samuel P. Pierce, Jr., Esq, at ¶ 4.)  Counsel for Plaintiff and Defendant both believed a binding settlement existed.  Mr. Pierce further stated:

6

> On November 4, 2005, in a telephone conversation with
> [counsel for Defendant], the parties finalized the terms of
> the settlement and release agreement.  On November 7, 2005,
> [counsel for Defendant] faxed and mailed to me the
> agreed upon "Settlement Agreement, Confidentiality
> Agreement and Release," so that [Plaintiff] could execute
> it.

(Id. at ¶ 6.)  The testimony of Plaintiff's counsel is that Plaintiff terminated his

relationship with his lawyers only after they had negotiated, with Plaintiff's authority

and approval, the binding settlement that Defendant has moved to enforce.  Plaintiff

claims he verbally terminated his lawyers on November 1, 2005, before the

settlement agreement was reached.  Plaintiff supports his position with what is, at

most, an inadmissible unsworn statement to that effect.  The Court concludes that

no reasonable jury could find that a termination occurred as claimed by Plaintiff.

Even if Plaintiff terminated the relationship with his lawyers on November 1, 2005,

as he contends, he does not dispute that counsel for the Defendant was never told

of a termination.[4]  Defendant was entitled to rely on the apparent authority of

---

[4]  Interestingly, Plaintiff does not contest that he authorized the settlement at
some point nor does he disclaim the terms of it.  The Court notes the undisputed
fact that the documents to conclude the settlement were transmitted by facsimile
and mail to counsel for Plaintiff on November 7, 2005.  This confirms that
Defendant believed on November 7, 2005, that Plaintiff's counsel had authority to
act on behalf of Plaintiff.  It was not until a week later, on November 14, 2005, that

Plaintiff's counsel to enter into the settlement agreement.  <u>Speed v. Muhanna</u>, 274

Ga. App. 899, 904 (2005) ("where an opposing party has not received notice that

an attorney's authority has been terminated, or otherwise limited, he may rely upon

the attorney's apparent authority to bind his client.")

The undisputed facts present compelling evidence that Plaintiff is bound by

the settlement negotiated by his counsel.  That settlement agreement contained a

release of the claims asserted in this litigation.  The released claims cannot be

asserted in this litigation and summary judgment in favor of Defendant on all of the

claims in the litigation is appropriate.  Plaintiffs objection to the R&R on the

release of claims issue is overruled.

3.  <u>Timeliness of claims</u>

Plaintiff does not address in any submission the Magistrate Judge's finding

that Plaintiff failed to file the complaint on his Title VII and ADA claims within 90

days of the first right-to-sue letter he received from the EEOC.  Plaintiff does not

contend that he asserted the Title VII and ADA discrimination claims within 90

days of receiving the first right-to-sue letter with respect to those claims.  Plaintiff

---

Plaintiff told Defendant he had terminated his relationship with his lawyers.

8

only contends his complaint was filed within 90 days of the second right-to-sue letter he received, which addressed his claims of retaliation for asserting his Title VII and ADA claims initially.

The Magistrate Judge found that the second right-to-sue letter allowing suit on his retaliation charge did not revive the time-barred Title VII and ADA discrimination charges.  The Court agrees.

It is well-established that a plaintiff "may not circumvent the timeliness requirements of Title VII [or the ADA] by alleging [that] time-barred acts of discrimination are at issue in [a] timely filed retaliation claim.  Labiatae v. Gemini Air Cargo, Inc., 350 F. Supp.2d 1002, 1010 (S.D.  Fla. 2005), see also Natal R.R. Passenger, Corp. v. Morgan, 536 U.S. 101, 103 (2002).

Reviewing *de novo,* the Magistrate Judge's finding and recommendation on the timeliness of Plaintiff's Title VII and ADA discrimination claim, Plaintiff's objection is overruled.[5]

---

[5]  The Magistrate Judge allowed the Plaintiff to amend his Complaint to name the proper defendant in this action if this Court allowed any of Plaintiff's claims to be prosecuted.  (R&R at 21-22.)  Because the Court enters summary judgment in favor of the Defendant, the recommendation regarding the right to amend the complaint is moot.  The Court notes that Plaintiff may also have sought to assert an Equal Pay Act claim.  This claim also was released in the Settlement Agreement.

For the reasons stated above,

**IT IS HEREBY ORDERED** that the Court **ADOPTS AS ITS ORDER**

the Magistrate Judge's Report and Recommendation.  Plaintiff's Objections to the

Report and Recommendation [31] are **OVERRULED** and the Court, finding  no

plain error with request to any matter to which Plaintiff did not object, rules that

Defendant's Motion for Summary Judgment [20] is **GRANTED** and this action is

**DISMISSED**.  The Clerk is **DIRECTED** to close this case.

      **SO ORDERED** this 28th day of November, 2006.


                             _____

                             WILLIAM S. DUFFEY, JR.
                             UNITED STATES DISTRICT JUDGE